# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA L. MEDLEY, | CASE NO. 1:07-cv-01774-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| N. COOPER, | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Laura Medley ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 6, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

1  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Summary of Plaintiff's Complaint**

Plaintiff is currently housed at the L.B.J. Infirmary in Phoenix, Arizona. The events giving rise to the claims at issue in this action allegedly occurred at the Central California Women's Facility in Chowchilla, where plaintiff was formerly incarcerated. Plaintiff names N. Cooper as a defendant, and seeks money damages and injunctive relief.

Plaintiff alleges that the defendant's mail is being withheld for up to one month.[1] Plaintiff states that defendant Cooper is the supervisor of the mailroom and has failed to hire enough staff to process the mail in a timely fashion.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

---

[1] The court assumes that plaintiff is referring to her own mail.

    Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003);  Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).  Further, a temporary delay in delivery of publications resulting from a security inspection does not violate the First Amendment.  Croften v.Roe, 170 F.3d.957, 961 (9th Cir. 1999). See also Sizemore v. Williford 829 F. 2d 608, 610 (7th Cir. 1987) ("merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support a cause of action grounded on the First Amendment").

    Plaintiff's allegation that defendant Cooper failed to ensure that mail was processed in a timely fashion, without more, does not rise to the level of a constitutional violation. The court shall dismiss plaintiff's complaint, with leave to file an amended complaint.

**III.     Conclusion and Order**

    Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

    Plaintiff is informed that she must demonstrate in her complaint how the conditions complained of have resulted in a deprivation of her constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

3

1  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for
2  relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the
3  defendant either: personally participated in the alleged deprivation of constitutional rights; knew of
4  the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient
5  that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
6  constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
7  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

    1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

    2.  The Clerk's Office shall send Plaintiff a complaint form;

    3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

    4.  Plaintiff may not add any new, unrelated claims to this action via her amended complaint and any attempt to do so will result in an order striking the amended complaint; and

    5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

    Dated:   **August 25, 2008**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE